**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re

Haiel Abed Suwaity,

Debtor.
_________________________________/

Chapter 7

Case No. 8:19-bk-06321-MGW

Angela Welch, Trustee,

Plaintiff,

v.

Gary Kompothecras, Beth Kompothecras, Physicians Group, LLC, a Delaware limited liability company, successor-by-merger to Physicians Group of Sarasota, LLC, a Florida limited liability company, and SAK Irrevocable Trust Under Agreement Dated December 11, 2012 for the Benefit of Sarah Alice Kompothecras,

Defendants.
_________________________________/

Adv. Pro. No. 8:21-ap-00224-MGW

Storey Mountain, LLC,

Intervenor Plaintiff,

v.

Gary Kompothecras, Beth Kompothecras, Physicians Group, LLC, a Delaware limited liability company, successor-by-merger to Physicians Group of Sarasota, LLC, a Florida limited liability company, and SAK Irrevocable Trust Under Agreement Dated December 11, 2012 for the Benefit of Sarah Alice Kompothecras,

Defendants in Intervention.
_________________________________/

**AMENDED[1] COMPLAINT TO DETERMINE**
**VALIDITY, PRIORITY AND EXTENT OF LIENS**

Intervenor Plaintiff, Storey Mountain, LLC, sues Defendants in intervention, Gary Kompothecras, Beth Kompothecras, Physicians Group, LLC, a Delaware limited liability company, successor-by-merger to Physicians Group of Sarasota, LLC, a Florida limited liability company, and SAK Irrevocable Trust Under Agreement Dated December 11, 2012 for the Benefit of Sarah Alice Kompothecras (collectively, the "Defendants") and alleges as follows:

**Jurisdiction and Venue**

1. This an adversary proceeding seeking to determine validity, priority and extent of liens pursuant to Fed. R. Bankr. P. 7001(2) in addition to supplemental relief.

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

4. This Court is the proper venue for this adversary proceeding pursuant to 28 U.S.C. § 1409(a).

**Parties**

5. Intervenor Plaintiff, Storey Mountain, is a Wyoming limited liability company.

6. Plaintiff, Angela Welch ("Trustee"), is the duly appointed, qualified, and acting trustee for the Chapter 7 bankruptcy estate of Haiel Abed Suwaity (the "Debtor"), which Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on July 2, 2019 (the "Petition Date").

---

[1] Amended to include definition of "Jewelry" and clarify Storey Mountain's interest in the proceeds of any disposition of such jewelry.

7. At all times material hereto, Debtor resided in Sarasota, Florida.

8. At all times material hereto, Debtor was in the jewelry business and conducted his jewelry business in his name and using various nominees including, but not limited to Sarasota Estate and Jewelry Buyers, Inc., Yes Diamonds, LLC, AKMS International Corp., A to Z Diamonds, LLC, ALTA International, LLC, Exclusive International Trading, LLC, Amar Jewelry, LLC, International Estates Jewelry & Coins, LLC, and/or SRQ Jewelry, LLC (collectively, the "Nominees").

9. At all times material hereto, Gary Kompthecras ("Dr. Gary") resided in Sarasota, Florida.

10. At all times material hereto, Dr. Gary was the owner of Physicians Group, LLC, a Delaware limited liability company, successor-by-merger to Physicians Group of Sarasota, LLC a Florida limited liability company ("PG"). PG's principal place of business is Sarasota, Florida.

11. SAK Irrevocable Trust Under Agreement Dated December 11, 2012 for the Benefit of Sarah Alice Kompothecras (the "SAK Trust") is a trust that was settled and is controlled by Dr. Gary and Beth Kompothecras.

12. At all times material hereto, Beth Kompothecras ("B. Kompothecras") resided in Sarasota, Florida, and was and is the wife of Dr. Gary.

**Debtor's Jewelry and Trustee Complaint**

13. On July 26, 2021, Debtor filed amended schedules identifying "Misc. pledged jewelry" in Schedule B in an amount equal to $6,835,000.00. Main Case ECF No. 146.

14. Trustee filed her complaint commencing the above captioned Adversary Proceeding against Defendants, seeking (i) a declaratory judgment that certain jewelry in the

possession of Defendants is property of the estate and turnover of such jewelry, and (ii) to avoid and recover the transfer of the jewelry. ECF No. 1.

15. Defendants' remain in possession of that certain jewelry and have disposed of other pieces of jewelry pledged by the Debtor (the jewelry transferred by Debtor and his Nominees, together with the proceeds of the disposition of any such jewelry, are collectively referred to as the "Jewelry").

**Defendants' Loans and Alleged Interests**

16. According to Defendants, they provided various loans to the Debtor to finance the Debtor's jewelry business and provided financing to purchase new or replacement jewelry inventory either directly to Debtor or indirectly through the Nominees. ECF No. 13.

17. In their answer, Defendants describe the loan transactions as "Floor Plan Loans" but acknowledge that "the transactions described notwithstanding that the relationship and documentation may not bear all the earmarks or technical requirements of a traditional floor plan financing arrangement." ECF No. 13.

18. Indeed, there were no loan documents attached to the Defendants' original proof of claim [Claim No. 9-1], and the Defendants' amended proof of claim abandoned the claim for money lent and instead asserts a rent claim [Claim No. 9-2].

19. The documents attached to the Trustee's complaint contain no security agreement by and between the Debtor and the Defendants covering the Debtor's jewelry. ECF No. 1, Exs. 1-8.

**Storey Mountain's Lien**

20. Prior to the Petition Date, on March 8, 2012, Storey Mountain's assignor, IberiaBank, obtained that certain *Final Judgment of Deficiency* (the "Judgment") against Debtor

and Rashid A. Faqqouseh, joint and several, for a total sum of $715,654.79, bearing interest at 4.75% per annum, and reserving judgment on pre and post-judgment attorney's fees, in the action styled *Iberiabank v. Faqqouseh, et al.*, Case No. 2010-CA-4106, pending in the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida.

21. The Judgment lien was perfected and attached to all of the Debtor's personal property, including the Jewelry subject of this Adversary Proceeding, when Iberiabank filed a judgment lien certificate with the State of Florida Department of State bearing document number J12000217383, on March 26, 2012 and re-recorded with the State of Florida Department of State bearing document number J17000033987, on January 19, 2017.

22. Thereafter, Iberiabank assigned the Judgment to Story Mountain pursuant to that certain Assignment of Judgment effective as of March 24, 2021.

**EXTENT, VALIDITY, AND PRIORITY OF LIENS IN JEWELRY**

23. Pursuant to Fla. Stat. §§ 55.202 and 55.203, the holder of a judgment may acquire a judgment lien on all personal property of a judgment debtor by filing a judgment lien certificate with the Department of State.

24. Storey Mountain acquired its judgment lien on the Jewelry on March 26, 2012, which judgment lien was a valid, perfected, first priority lien on the Jewelry as of the Petition Date.

25. Storey Mountain's judgment lien predates any transactions between the Debtor and his Nominees and the Defendants.

26. Pursuant to Fla. Stat. §§ 679.2031 and 679.3131, in order to perfect a security interest in personal property by possession, a debtor and secured creditor must enter into a security agreement.

27. According to the documents attached to Defendants' proofs of claim filed against the Debtors' estates [Claim Nos. 9-1 and 9-2], the documents attached to Trustee's Complaint [ECF No. 1, Exs. 1-8], and the Defendants' Answer [ECF No. 13], there was no security agreement by and between the Debtor and the Defendants that covers the Jewelry in its possession.

28. Under Florida law, there is a narrow exception to the security agreement requirements of Article 9 of the Uniform Commercial Code for licensed pawnbrokers. Because of the nature of a pawnbroker's business and their requirement to hold Florida pawnbroker's license, a pawnbroker has a statutory pawnbroker's lien that is perfected upon possession of the pledged goods without a security agreement. To Storey Mountain's knowledge, although the Defendants certainly acted as pawnbrokers here, the Defendants are not licensed pawnbrokers under Florida law. The pawnbroker's statutory lien is not available to them; nor are the other pawnbroker statutory lending practices to which the Defendants appear to have availed themselves.

29. The transactions between the Debtor and his Nominees and the Defendants are otherwise invalid and/or void.

30. Accordingly, pursuant to Florida law, Defendants are unsecured creditors in possession of the Debtor's Jewelry (and the proceeds thereof) subject to Storey Mountain's judgment lien.

31. Trustee's turnover action should be subject to the Storey Mountain's judgment lien.

WHEREFORE, Storey Mountain respectfully requests that the Court enter a judgment determining:

(a) The validity, priority and extent of the liens asserted by Storey Mountain and the Defendants, including a determination that the Defendants' alleged interests in the Jewelry (and its proceeds) are unsecured and unperfected;

(b) That the judgment lien of Storey Mountain is valid and of first priority as to the Jewelry (and its proceeds);

(c) That the Jewelry (and its proceeds) is property of the estate subject to Storey Mountain's judgment lien;

(d) That the Defendants be required to turnover the Jewelry (and its proceeds) to the Trustee subject to Storey Mountain's judgment lien;

(e) That any judgment on Counts III and IV of the Trustee's Complaint against the Defendants recognize and account for Storey Mountain's judgment lien;

(f) Grant supplemental relief, which includes, but is not limited to a money judgment in connection with the Jewelry that has been disposed of that was subject to Storey Mountain's judgment lien;

(g) Granting such further and other relief as this Court deems necessary and proper to preserve Storey Mountain's interests in the Debtor's property.

Respectfully submitted,

*/s/ Eric J. Silver*

ERIC J. SILVER, ESQ.
Florida Bar Number 057262
esilver@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
150 West Flagler Street
Museum Tower, Suite 2200
Miami, Florida 33130
Telephone: (305) 789-3200
*Counsel for Storey Mountain, LLC*